# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY HAMILTON,**
      Petitioner,

v.                                         Case No. 11-C-0521

**MICHAEL MEISNER, Warden, Columbia Correctional Institution,**
      Respondent.

## **ORDER**

On May 27, 2011, Anthony Hamilton, an inmate at Columbia Correctional Institution, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, asserting that his 2003 convictions involving theft and robbery were imposed in violation of the Constitution. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Having reviewed the petition, I am satisfied that the petition sets forth cognizable federal claims, including claims for ineffective assistance of counsel. However, this does not mean that the petition should not be dismissed for procedural reasons. Nonetheless, I leave it to the respondent to decide whether he will assert any procedural defenses and will not dismiss the petition at this time.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent respond to the petition and show cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with or in lieu of his answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with or in lieu of his answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and electronically transmitted to the Wisconsin Department of Justice.

Dated at Milwaukee, Wisconsin, this 20th day of June, 2011.

/s_____
LYNN ADELMAN
District Judge