# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY HAMILTON,**
        Petitioner,

v.                                                                                  Case No. 11-C-0521

**MICHAEL MEISNER, Warden, Columbia Correctional Institution,**
        Respondent.

## DECISION AND ORDER

Anthony Hamilton has filed a habeas petition under 28 U.S.C. § 2254, in which he challenges the legality of his detention following his conviction in Racine County Circuit Court of armed robbery and theft. Respondent moves to dismiss the petition as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d). Alternatively, respondent argues that the petition contains both exhausted and unexhausted claims, and that therefore it cannot be adjudicated on the merits in its present form.

### I. STATUTE OF LIMITATIONS

Generally, a state prisoner has one year to file a federal habeas petition from the date on which the state-court judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is not counted toward the one-year period. Id. § 2244(d)(2).

Hamilton was convicted of robbery and theft in 2003. He appealed his conviction all the way to the Wisconsin Supreme Court, and that court denied review on August 25,

2005. Hamilton then had 90 days to seek a writ of certiorari in the Supreme Court of the United States. When those 90 days expired – on November 23, 2005 – Hamilton's judgment became final by the expiration of the time for seeking direct review. See Morales v. Boatwright, 580 F.3d 653, 657 (7th Cir. 2009). The one-year period under § 2244(d) commenced the next day, and Hamilton had until November 23, 2006 to file his federal habeas petition.

However, on November 14, 2006 – nine days before the one-year period was set to expire – Hamilton filed a motion for post-conviction relief pursuant to Wis. Stat. § 974.06 in Racine County Circuit Court. Respondent concedes that this motion was a properly filed application for state post-conviction relief, and that therefore the time during which this motion was pending cannot be counted toward the one-year period. Proceedings related to the motion lasted until May 12, 2009, when the Wisconsin Supreme Court denied Hamilton's petition for review.

Meanwhile, on March 27, 2009, Hamilton filed a state habeas petition in the Wisconsin Court of Appeals alleging that he received ineffective assistance of appellate counsel during his direct appeal. Pursuant to State v. Knight, 168 Wis. 2d 509 (1992), such a habeas petition (known as a Knight petition) was the proper procedural vehicle for bringing a challenge to appellate counsel's effectiveness. The court of appeals denied this petition on July 27, 2010 and denied Hamilton's motion for reconsideration on February 7, 2011. Again Hamilton sought review in the Wisconsin Supreme Court, but that court denied review on May 24, 2011.

Hamilton filed his federal habeas petition on June 1, 2011. Whether or not this was timely depends on whether Hamilton's Knight petition counts as a properly filed application for state post-conviction relief. If it does, then the federal petition was timely by one day,

since Hamilton would have had nine days from May 24, 2011 – until June 2, 2011 – to file his habeas petition. If it does not, then Hamilton's one-year period expired on May 21, 2009 – nine days after proceedings relating to the § 974.06 motion concluded – making his federal petition untimely by more than two years.

An application for state post-conviction relief is properly filed when "its delivery and acceptance are in compliance with applicable laws and rules governing filings," such as those that prescribe "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). A court determines whether a petition was properly filed by looking at how the state courts treated it. If a state court accepts and entertains the petition on its merits, it has been properly filed, but if the state court rejects it as procedurally irregular, it has not been properly filed. Johnson v. McCaughtry, 265 F.3d 559, 564 (7th Cir. 2001).

In the present case, respondent argues that Hamilton's Knight petition was not properly filed because the Wisconsin Court of Appeals (the only court that issued a reasoned decision on the petition) rejected it on the ground that it asserted claims that were not properly raised under Knight. Understanding this argument requires some understanding of the way the Wisconsin courts handle claims alleging ineffective assistance of counsel.

In State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 680-81 (Ct. App. 1996), the Wisconsin Court of Appeals explained that a criminal defendant is represented by three kinds of counsel during his trial and direct appeal – trial counsel, post-conviction counsel and appellate counsel. Trial counsel handles things until the defendant files a notice of intent to pursue post-conviction relief. At that point, post-conviction counsel takes over and

3

files post-conviction motions with the trial court, such as a motion asserting that trial counsel was ineffective. Once the post-conviction motions are resolved and the defendant files a notice of appeal, appellate counsel's role commences, and this attorney handles the briefing and oral argument on appeal. Often, the same person acts as both post-conviction and appellate counsel. The difference between the two is not determined by the lawyer's identity but by the forum in which he or she operates.

Because the Wisconsin Court of Appeals will not consider certain issues during a direct appeal, including ineffective assistance of trial counsel, unless they were first raised in the trial court in a post-conviction motion, the issues that can be raised by appellate counsel will often be limited because of post-conviction counsel's actions. When appellate counsel cannot raise an issue because of post-conviction counsel's failure to raise it, appellate counsel's failure to raise that issue cannot be considered ineffective. Id. at 678. Thus, a claim that appellate counsel was ineffective because he or she failed to raise trial counsel's ineffectiveness will fail when appellate counsel's hands were tied by post-conviction counsel's failure to raise the issue in the trial court. The only claim that could potentially be successful would be a claim that post-conviction counsel was ineffective for failing to raise trial counsel's ineffectiveness. And since the allegedly deficient performance of post-conviction counsel occurred in the trial court, the proper forum for raising that ineffective-assistance claim is the trial court in which his or her performance took place. Rothering thus requires a claim challenging counsel's performance in his or her post-conviction capacity to be raised in a post-conviction motion or habeas petition in the trial court. Under Knight, a claim challenging counsel's performance in his or her appellate capacity must be raised in a habeas petition in the court of appeals.

4

In his Knight petition, Hamilton argued, among other things, that his appellate counsel was ineffective in failing to argue that his trial counsel was ineffective. The court of appeals disposed of these claims by noting that, under Rothering, appellate counsel could not be faulted for failing to raise issues that post-conviction counsel had failed to preserve, and that to the extent Hamilton wanted to challenge counsel in his post-conviction capacity, he had to file a motion or habeas petition in the trial court. Respondent argues that the court of appeals's disposition qualifies as a dismissal of the Knight petition as "procedurally irregular," and that therefore the Knight petition was not properly filed.

There are two problems with this argument. First, the ineffective-assistance claims that Hamilton actually pleaded in his Knight petition were claims alleging ineffective assistance of appellate counsel, not post-conviction counsel. (Supp. Knight Pet. [Docket #12-7] at 3. ("In this case, Hamilton alleges he received ineffective assistance of appellate counsel on multiple grounds.").) Although these claims were destined to fail on the merits because, as a matter of law, appellate counsel's failure to raise an issue that post-conviction counsel had waived or forfeited cannot be deemed ineffective, see Rothering, 205 Wis. 2d at 678 & n.6, they nonetheless were properly raised in a Knight petition. What the court of appeals actually did, then, was to reject Hamilton's challenge to appellate counsel's effectiveness on the merits and observe that, to the extent Hamilton had a viable claim based on the failure to raise trial counsel's ineffectiveness, it was a claim of ineffective assistance of post-conviction counsel that had to be pursued in the trial court under Rothering.[1] This was a rejection of the claims actually raised in the Knight petition

---

[1]This can be seen be examining the language the court of appeals used:

5

on the merits rather than on the basis of any procedural irregularity, and so the Knight petition was properly filed for purposes of § 2244(d)(2). See Artuz, 531 U.S. at 11 (explaining that post-conviction motion can be properly filed even if it raises a claim that is sure to be rejected on the merits).

Respondent states that, in Johnson v. McCaughtry, 265 F.3d 559 (7th Cir. 2001), the Seventh Circuit held that "where a state court concludes that a petitioner filed either a Knight petition or motion pursuant to Rothering in the wrong court, and relies on that ground to reject the petitioner's application, that application is not properly filed and therefore does not toll the one-year limitations period." (Br. in Supp. [Docket #10] at 8.) Although this statement is generally accurate, Johnson does not control the present case because, as explained, Hamilton did not file the claims he actually raised in the wrong court. Rather, he filed a petition alleging ineffective assistance of appellate counsel in the court of appeals, and thus he filed a proper Knight petition in the right court. Hamilton

---

> [Hamilton] complains that his appellate counsel argued that the evidence was insufficient to support the robbery convictions but conceded on appeal that Hamilton committed retail theft. The record reveals that Hamilton's theory of defense was that he committed retail theft, but that he did not use or threaten to use force so as to commit robbery. Appellate counsel's concession of the retail theft was consistent with Hamilton's theory of defense. To the extent Hamilton seeks to challenge appellate counsel's approach on the question of retail theft, Hamilton must challenge appellate counsel in his postconviction capacity for not challenging trial counsel's use of this theory of defense. As discussed below, such a challenge must first be brought in the circuit court under [Rothering].

(Answer, Ex. F [Docket #10-6] at 3.) I read this passage as meaning that appellate counsel's concession of retail theft was not ineffective because post-conviction counsel had failed to preserve the issue, and that therefore the challenge to appellate counsel's effectiveness fails on the merits. The court then observes that "[t]o the extent Hamilton seeks to challenge" post-conviction counsel's performance, he must file a motion in the trial court under Rothering. In making this observation, the court was not rejecting Hamilton's claim of ineffective assistance of appellate counsel as procedurally irregular.

6

would have had a better chance of success on the merits had he alleged ineffective assistance of post-conviction counsel and filed his petition in the trial court pursuant to Rothering, but again, this does not mean that the Knight petition was not properly filed.

The second problem with respondent's argument is that the court of appeals explicitly resolved one of the claims that Hamilton asserted in his Knight petition on the merits rather than on the basis that it should have been filed in the trial court under Rothering. This was Hamilton's claim "that there was insufficient evidence of robbery." (Answer, Ex. F [Docket #10-6] at 3.) It does not appear that this claim involved a challenge to the effectiveness of appellate counsel, and therefore the claim does not seem to have been properly raised under Knight. Nonetheless, the court of appeals disposed of that claim on the merits rather than on the basis of any procedural irregularity: it stated that the claim was "completely without merit." (Answer, Ex. F [Docket #10-6] at 3.)[2] For this reason alone, the Knight petition was properly filed. See Johnson, 265 F.3d at 564 ("If a state court accepts and entertains the petition on its merits, it has been properly filed . . . .").

Accordingly, respondent's motion to dismiss the petition as untimely will be denied.

## II. EXHAUSTION

Respondent next argues that the petition contains both exhausted and unexhausted claims. A federal court cannot entertain such a "mixed" petition and must either dismiss it without prejudice or allow the petitioner to delete the unexhausted claims and pursue the remaining claims in district court. Rose v. Lundy, 455 U.S. 509, 510, 520 (1982). In

---

[2]Although the court's conclusion that the insufficient-evidence claim was meritless was based on the fact that it had already been addressed and rejected on the merits on direct appeal, it was still a conclusion that went to the merits of the claim, since a decision based on res judicata concerns is a decision on the merits. See Page v. Frank, 343 F.3d 901, 907 (7th Cir. 2003).

7

appropriate circumstances, a third option is available: staying the petition and holding it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005).

In the present case, respondent concedes that Hamilton has exhausted two of the claims he raises in his petition: (1) his claim that the trial court improperly responded to a question from the jury during a time when neither he nor his counsel was in court, and (2) his claim that post-conviction counsel was ineffective in failing to raise trial counsel's ineffectiveness in failing to request that the jury be instructed on the lesser-included offense of theft. These two claims have been exhausted because Hamilton raised them in his § 974.06 motion in the trial court and then appealed the trial court's denial of the motion all the way to the Wisconsin Supreme Court.

As respondent reads the petition, it includes two other claims of ineffective-assistance of post-conviction counsel that Hamilton has not exhausted: (1) post-conviction counsel should have argued that trial counsel was ineffective in failing to investigate and read the state's discovery materials, and (2) post-conviction counsel should have argued that trial counsel was ineffective in failing to contact witnesses supporting Hamilton's defense theory. I agree that Hamilton appears to be challenging post-conviction counsel's failure to raise trial counsel's failure to investigate, read the discovery and contact witnesses. However, it appears that Hamilton may have exhausted those claims in the same § 974.06 motion in which he exhausted his other claims. In the motion filed in the trial court, Hamilton explicitly raised a claim of ineffective assistance of post-conviction counsel based on trial counsel's "failure to investigate and interview witnesses." (Pet'r's Br. in Opp., Ex. A [Docket #12-1] at 4.) This claim appears to be what Hamilton is referring to in his federal petition when he mentions the failure of trial counsel to investigate, read

8

the discovery and contact witnesses. However, it is not clear whether Hamilton pursued this claim in the Wisconsin Court of Appeals or the Wisconsin Supreme Court. The briefs that Hamilton filed in those courts are not part of the federal habeas record at this time, and the court of appeals's written decision does not mention any claim based on trial counsel's failure to investigate or interview witnesses. (Answer, Ex. D [Docket #10-4].) However, the court of appeals's decision states that Hamilton raised a claim based on trial counsel's failure to impeach a witness (Answer, Ex. D [Docket #10-4] at 4), and it is possible that this was how the court of appeals characterized the claim based on trial counsel's failure to investigate and interview witnesses.

Because the briefs that Hamilton filed in the Wisconsin Court of Appeals and Wisconsin Supreme Court are not in the record, I cannot at this time conclude that Hamilton has failed to exhaust his ineffective-assistance claims based on the failure of trial counsel to investigate, read discovery and contact witnesses. Therefore, respondent's motion to dismiss the petition because it contains unexhausted claims will be denied without prejudice. If respondent believes that Hamilton did not raise the pertinent claims on appeal from the denial of his § 974.06 motion, he may renew his motion to dismiss and include copies of Hamilton's appellate briefs. Otherwise, respondent must file an answer to the petition.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that respondent's motion to dismiss the petition as untimely is **DENIED**.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss the petition because it contains unexhausted claims is **DENIED WITHOUT PREJUDICE**.

9

**FINALLY, IT IS ORDERED** that respondent must either renew his motion to dismiss regarding exhaustion or file an answer to the petition within thirty days of the date of this order. The briefing schedule set forth in my June 20, 2011 order will govern future proceedings.

Dated at Milwaukee, Wisconsin, this 25th day of January 2012.

s/_____
LYNN ADELMAN
District Judge