# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY HAMILTON,**
      Petitioner,

v.                       Case No. 11-C-0521

**MICHAEL MEISNER, Warden,**
**Columbia Correctional Institution,**
      Respondent.

## DECISION AND ORDER

Anthony Hamilton has filed a habeas petition under 28 U.S.C. § 2254 challenging the legality of his detention following his conviction in Racine County Circuit Court of robbery and theft. On August 2, 2011, respondent filed a motion to dismiss the petition on two grounds: (1) the petition is barred by the one-year statute of limitations, and (2) the petition contains unexhausted claims. On January 25, 2012, I issued an order in which I concluded that the petition was not barred by the one-year statute of limitations. However, in that same order, I concluded that the record lacked documents necessary to determine whether Hamilton had exhausted all of his claims. I allowed respondent to supply the missing documents and renew his motion to dismiss on exhaustion grounds. The respondent has done so and I address his renewed motion to dismiss in this order.[1]

Hamilton was convicted of one count of armed robbery by threat of use of a dangerous weapon, Wis. Stat. § 943.32(2), and one count of robbery by use of force, Wis. Stat. § 943.32(1)(a). These convictions arose out of two separate incidents. The armed-

---

[1] I also address Hamilton's motion to proceed in forma pauperis and his two pending motions for appointment of counsel.

robbery conviction arose out of events that occurred on October 26, 2001. At trial, Christopher Mack, a Boston Store loss-prevention officer, testified that on that date he saw Hamilton take clothing from the Boston Store and exit without paying. Mack testified that he followed Hamilton into the parking lot, identified himself as a loss-prevention officer, and asked Hamilton to accompany him back to the store. Mack testified that Hamilton started to run away, and that he ran after him. Mack testified that eventually Hamilton stopped, turned to look at Mack, and brought his hand to his waistband area. Mack testified that Hamilton said that he was going to count to three, and that if Mack was still standing there he would start shooting.

The other robbery conviction arose from events that occurred on November 11, 2001. On that date, Mack again observed Hamilton take clothing from the Boston Store without paying. Mack testified that he followed Hamilton out of the store and identified himself as a loss-prevention officer. According to Mack, when Hamilton started running, Mack reached up to grab his shoulders. Hamilton then reached up and grabbed Mack, pulling or pushing him so that he flipped over Hamilton's shoulder. Mack landed on the ground and dislocated his shoulder.

Respondent concedes that Hamilton has exhausted two of the claims he raises in his federal habeas petition: (1) his claim that the trial court improperly responded to a question from the jury during a time when neither he nor his counsel was in court, and (2) his claim that post-conviction counsel was ineffective in failing to raise trial counsel's ineffectiveness in failing to request that the jury be instructed on the lesser-included offense of theft. However, respondent contends that Hamilton did not exhaust his claim that his post-conviction counsel was ineffective in failing to raise in a post-conviction motion trial counsel's ineffectiveness in "failing to investigate, read the discovery, and contact

2

witnesses." See January 25, 2012 Order at 8. Therefore, argues respondent, the petition contains both exhausted and unexhausted claims.

As I understand it, Hamilton's allegedly unexhausted ineffective-assistance claim involves trial counsel's failure to interview two potential defense witnesses—Pamela Mischo and Jason Jorgenson—and to impeach Christopher Mack with a statement he made to a police officer, Don Veselik. Hamilton thinks that Mischo and Jorgenson would have contradicted Mack's testimony that Hamilton had used force in the course of the November 11 robbery. He also thinks that Mack's statement to Veselik was inconsistent with Mack's trial testimony.

Respondent argues that Hamilton did not exhaust this ineffective-assistance claim in state court because he did not fairly present all aspects of it to the state trial court, the Wisconsin Court of Appeals, and the Wisconsin Supreme Court. See Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004) ("Fair presentment . . . requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings."). I disagree. Hamilton first raised this claim in his pro se post-conviction motion filed in the trial court under Wis. Stat. § 974.06 on October 27, 2006. See Hamilton's Br. in Opp. to Mot. to Dismiss, Ex. A [Docket #12-1] at 4. In that motion, Hamilton argued that "trial counsel failed to more rigorously investigate and interview Pamela Mischo, a Boston Store Security guard, as well as Jason Jorgenson, a former Boston Store employee about [sic] in order to undermine Christopher Mack's version of events." Id. Hamilton also argued that trial counsel was ineffective in failing to impeach Mack with the statement he had made to Veselik. Id. at 6–7. Thus, Hamilton presented all aspects of this claim to the state trial court.

Hamilton appealed the trial court's denial of his post-conviction motion to the Wisconsin Court of Appeals. In his opening and reply briefs in that court, Hamilton argued that trial counsel was ineffective in failing to impeach Mack with the statement he had made to Veselik. The court of appeals rejected that argument on the merits. See Mot. to Dismiss, Ex. D [Docket #10-4] ¶ 11. The court did not discuss trial counsel's failure to interview Mischo or Jorgenson, and Hamilton did not mention those failures in either his opening brief or his reply brief. However, after the court issued its opinion, Hamilton filed a motion for reconsideration in which he argued that trial counsel was ineffective in failing to interview Mischo and Jorgenson. See Renewed Mot. to Dismiss, Ex. D [Docket #17-4] at 2–4. The court of appeals denied Hamilton's motion for reconsideration, stating that nothing in the motion had convinced it that its original decision was incorrect. See Renewed Mot. to Dismiss, Ex. E [Docket #17-5]. Respondent does not argue in its motion to dismiss that Hamilton committed a procedural default by waiting until his motion for reconsideration to raise the failure to interview Mischo and Jorgenson, and in any event the court of appeals considered and rejected the motion for reconsideration on the merits, albeit summarily, rather than on a state procedural ground. Thus, I conclude that Hamilton fairly presented all aspects of his ineffective-assistance claim to the Wisconsin Court of Appeals.

After losing in the court of appeals, Hamilton filed a petition for review in the Wisconsin Supreme Court. In his petition, Hamilton argued that trial counsel was ineffective in failing to conduct a proper investigation and call defense witnesses. See Renewed Mot. to Dismiss, Ex. F [Docket #17-6] at 9–11 (ECF pages 30–32). Hamilton explicitly identified the failure to interview Mischo and Jorgenson as an issue in the argument section of his petition. Although he did not mention the failure to impeach Mack

with his statement to Veselik in the argument section, he did attach a copy of the court of appeals's decision, which explicitly discussed that aspect of the claim, to his petition. Arguably, this was not enough to satisfy the fair-presentment requirement. See Baldwin v. Reese, 541 U.S. 27 (2004). However, the failure to impeach Mack with his statement to Veselik was so closely related to the failure to interview Mischo and Jorgenson that the Wisconsin Supreme Court would have understood Hamilton to be raising that issue as part of his overall ineffective-assistance claim. The claim was essentially that trial counsel did not do enough to undermine Mack's testimony, and the failure to interview Mischo and Jorgenson and the failure to impeach Mack with his prior inconsistent statement were all merely subparts of that overall claim. Hamilton raised that overall claim in his petition for review (albeit somewhat inartfully, which is understandable given his pro se status), and he pointed to enough of the operative facts underlying that claim in his petition to satisfy the fair-presentment requirement. Thus, I conclude that Hamilton fairly presented the claim to the Wisconsin Supreme Court, and that therefore respondent's motion to dismiss the petition will be denied.

Before concluding, I address Hamilton's motion for leave to proceed in forma pauperis and his motions to appoint counsel. The motion for leave to proceed in forma pauperis will be denied as moot because Hamilton has already paid the full filing fee. The motions to appoint counsel will be denied because it appears to me that, given the difficulty of this case, Hamilton is competent to litigate on his own. See Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc).

Accordingly, **IT IS ORDERED** that respondent's renewed motion to dismiss the petition is **DENIED**.

5
Case 2:11-cv-00521-LA   Filed 07/13/12   Page 5 of 6   Document 28

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **DENIED** as **MOOT**.

**FINALLY, IT IS ORDERED** that petitioner's motions to appoint counsel (Docket ##18 & 27) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of July 2012.

                s/ Lynn Adelman
                LYNN ADELMAN
                District Judge